# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH RIOTTO<br><br>Plaintiff<br>v.<br><br>Fay Servicing, LLC, JOHN DOES I-V<br><br>Defendant | Civil Action No.<br><br><br><br>COMPLAINT AND JURY DEMAND |

## JURISDICTION AND VENUE

**1.** Jurisdiction is appropriately laid in the United States District Court, District of New Jersey under 28 USC §1331 as this claim is based upon a federal statute and federal question jurisdiction.

**2.** Venue is appropriately laid in the District Court of New Jersey under 28 U.S.C. §1391(b)(2) as the events causing the claim occurred substantially within the State of New Jersey.

## PARTIES

**3.** Plaintiff Joseph Riotto owns and resides in real property located at 128 Big Piece Road in Fairfield New Jersey.

**4.** Defendant Fay Servicing, LLC ("Fay Servicing") in headquartered in Illinois and maintains a registered agent for service of process in New Jersey at Registered

1

Agent Solutions, Inc. 208 West State Street, Trenton, NJ 08608.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C.

5. Mr. Riotto obtained a loan for personal, family, or household purposes and the loan is a debt as defined by 15 U.S.C. §1692a.

6. The loan is secured by a second position mortgage on the primary residence of Mr. Riotto.

7. Due to unforeseen financial circumstances, including a catastrophic injury to Mrs. Riotto, Mr. Riotto defaulted on the loan.

8. After the default, several years passed without Mr. Riotto receiving a periodic monthly mortgage statement on the loan or other correspondence relating to the loan.

9. In early 2019 for the first time in years, Mr. Riotto began receiving loan related correspondence from SN Servicing Corporation.

10. During the period of years when Mr. Riotto received no contact relating to the second mortgage, he entered into a modification agreement with the first mortgage loan lender. The first mortgage loan is current and performing.

11. Once contacted by SN Servicing Corporation, Mr. Riotto became greatly concerned for his financial and household wellbeing. Having understood that it was a requirement of federal law for the second mortgage lender to send monthly

statements and periodic correspondence, Mr. Riotto came to reasonably believe the second mortgage loan had been forgiven and/or abandoned.

12. Mr. Riotto retained an attorney to protect his rights.

13. A key purpose in hiring the attorney was to have all correspondence directed to the lawyer while Mr. Riotto continued dedicating his time to work and caring for Mrs. Riotto following her injuries.

14. In or before June 2019, SN Servicing Corporation became aware that Mr. Riotto was represented by legal counsel in relation to the mortgage loan.

15. In April 2020, SN Servicing sent a letter to Mr. Riotto advising that servicing of the mortgage loan was being transferred to Fay Servicing, LLC.

16. As part of the transfer of servicing rights, Fay Servicing, LLC obtained knowledge that Mr. Riotto was represented by legal counsel in relation to the mortgage loan.

17. By letter dated May 28, 2020, Fay Servicing, LLC sent debt collection correspondence directly to Mr. Riotto at his home. The letter states that Fay Servicing, LLC is "collecting the debt on behalf of: Reliant Loan Servicing, LLC" and discloses the alleged sum of money owed on the debt.

18. The May 28, 2020 letter further states "Fay Servicing, LLC is a debt collector, and information you provide us may be used to collect a debt."

19. The May 28, 2020 letter further states:

(5.)  Summary of Total Debt:
**Principal Balance, Interest, Escrow and Other Debt:**

| | |
|---|---|
| Current Principal Balance: | $102,467.71 |
| Current Deferred Balance: | $0.00 |
| Current Unpaid Accrued Interest: | $85,133.69 |
| Escrow Balance: | $0.00 |
| Escrow Advance Balance: | $0.00 |
| Late Charges: | $4,091.96 |
| Other Charges: | $3,535.24 |
| Partial Payments not yet applied: | $0.00 |
| **Total Amount of Debt:** | **$195,228.60** |

20. Fay continued to send additional debt collection correspondence directly to Mr. Riotto each month.

21. Mr. Riotto received a letter dated October 20, 2020 from Fay Servicing alleging:

Dear JOSEPH M RIOTTO:

Our records indicate that the amount shown below is past due. Please call your Account Manager at (800) 495-7166 to remit the amount due, or mail the payment to our payment processing center at P.O. Box 88009, Chicago, IL 60680-1009.

| | |
|---|---|
| Late Charge: | $56.79 |
| **Please Pay:** | **$107,502.00** |

22. The letter further states "Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose."

23. On or about November 9, 2020, Mr. Riotto sent a letter to Fay Servicing disputing the allegations of the October 20, 2020 letter, requesting verification of the debt pursuant to 15 U.S.C. §1692g and advising Fay Servicing:

As you are aware, I am still represented by legal counsel Adam Deutsch, Esq. of Northeast Law Group, LLC P.O. Box 60717 Longmeadow, MA 01106. My lawyer's phone number is 413-285-3646. You should direct all communications to my lawyer until further notice.

24. Fay Servicing received the November 9, 2020 letter and responded to it by sending written correspondence directly to Mr. Riotto at his home on or about December 24, 2020.

25. The December 24, 2020 letter from Fay was sent in connection with the collection of a debt and conveys debt collection information.

26. The December 24, 2020 letter from Fay further states

> Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation has been discharged or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. NMLS ID No. 88244

27. Subsequent to receiving the October 20, 2020 letter wherein Mr. Riotto instructed Fay Servicing to direct all correspondence to his lawyer, Fay Servicing sent debt collection communications including monthly statements directly to Mr. Riotto at his home.

28. Monthly loan statements demanding payment on the loan were sent by Fay Servicing to Mr. Riotto's personal home address in November 2020, December 2020, January 2021, February 2021, March 2021 and April 2021.

29. The Fair Debt Collection Practices Act 15 U.S.C. §1692c(a) prohibits conduct taken by Fay Servicing. The statute states in part:

> §1692c. Communication in connection with debt collection.
> **(a) Communication with the Consumer generally**. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
> …

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;
> …

30. Fay Servicing did not obtain the prior consent of Mr. Riotto or the express permission of a court of competent jurisdiction to communicate directly with Mr. Riotto in connection with the collection of a debt.

31. Fay Servicing did not attempt to communicate with Mr. Riotto's attorney.

32. Fay Servicing did not communicate with Mr. Riotto's attorney.

33. Fay Servicing had actual knowledge Mr. Riotto was represented by legal counsel and that he wanted all debt collection related communications to be sent to his attorney.  Notwithstanding the knowledge, Fay Servicing continued to send debt collection communications directly to Mr. Riotto in violation of the Fair Debt Collection Practices Act.

34. Receiving debt collection communications from Fay Servicing caused significant stress and anxiety for Mr. Riotto.  Specifically, the correspondence caused a preoccupation of Mr. Riotto and interfered with his ability to focus.  The correspondence negatively impacted Mr. Riotto's relationship with his wife who has suffered from a series of injuries and surgeries over the past several years.

35. As a result of Fay Servicing's conduct, Mr. Riotto suffered damages.

36. Mr. Riotto is entitled to all relief available under 15 U.S.C. §1692k including

but not limited to statutory damages, actual damages, attorney fees and costs of suit.

## DEMAND FOR TRIAL BY JURY·

**37.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  April 28, 2021                              By:   */s/ Adam Deutsch*
                                                                    Adam Deutsch, Esq.
                                                                    Northeast Law Group, LLC
                                                                    P.O. Box 60717
                                                                    Longmeadow, MA 01106
                                                                    (413) 285-3646
                                                                    (NJ BAR ID 016542010)